Daniel J. McCarthy, III
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, Illinois 60527
(630) 655-6000 Telephone
(630) 655-9808 Facsimile
djm@gsrnh.com
Attorney for Northern Hospitality Group, Inc.
and Denali Visions 3000 Corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN HOSPITALITY GROUP, INC., an Alaska corporation, d/b/a 49th State Brewing Company, and DENALI VISIONS 3000 CORPORATION, an Alaska corporation, d/b/a 49th State Brewing Company, <br><br> Plaintiffs, <br><br> v. <br><br> DON POYNTER, <br><br> Defendant. | Case No. 3:22-cv-00012-HRH |

## **COMPLAINT**

NOW COMES, Plaintiffs, NORTHERN HOSPITALITY GROUP, INC. and DENALI VISIONS 3000 CORPORATION, by its attorney, Daniel J. McCarthy, III, and for its Complaint against Defendant DON POYNTER, states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, NORTHERN HOSPITALITY GROUP, INC. ("NHG") is an Alaska corporation with its principal place of business located in Anchorage, Alaska. NHG does business under the assumed name "49th State Brewing Company."

2. Plaintiff DENALI VISIONS 3000 CORPORATION ("Denali") is an Alaska corporation with its principal place of business located in Denali, Alaska. Denali does business under the assumed name "49th State Brewing Company."

3. Defendant DON POYNTER ("Poynter), is an individual who resides in Alaska. Poynter operates under the trade name "D'Zine" and provides marketing services. For a four-year period, Poynter provided marketing services to NHG and Denali and was compensated for his services.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 since this case or controversy arises under the laws of the United States.

5. Venue is proper in this Court since Poynter resides within this judicial district.

6. NHG is the owner of the federally registered trademark "49TH STATE BREWING", Registration No. 5,974,915, a copy of which is attached as Exhibit A.

7. Denali is the owner of the federally registered trademark "49th STATE BREWING COMPANY", Registration No. 4,203,949, a copy of which is attached as Exhibit B. The trademarks referenced in paragraphs 6 and 7 are hereinafter referred to as the "Marks."

2

Case 3:22-cv-00012-HRH   Document 1   Filed 01/19/22   Page 2 of 7

8. Denali has consistently used the Marks since 2010 in the operation of its Denali Borough brewpub in Alaska and NHG has consistently used the Marks since 2006 in the operation of its Anchorage brewpub in Alaska. NHG and Denali brew a number of beers that are sold in interstate commerce, all bearing the Marks.

9. NHG and Denali have expended substantial sums under its name, assumed names, and the Marks in the advertising and marketing of its name throughout Alaska.

10. NHG's and Denali's continued use, advertising, marketing and promotion of its name, assumed names, the Marks have become and still are distinctive, well-recognized, and famous, possessing a strong secondary meaning and representing an extremely valuable goodwill.

11. Poynter created a website called www.49thstatebrewing.com ("Infringing Domain"). The Infringing Domain was registered in or about June 20, 2016, while Poynter was providing marketing services to NHG and Denali.

12. From April 2016 to October 2019, NHG and Denali paid Poynter substantial sums of money, including a monthly retainer, as Poynter providing marketing services to NHG and Denali. During this period of time, Poynter knew of NHG's and Denali's marketing efforts, including their desire to market themselves over the internet. NHG and Denali terminated their relationship with Poynter after they learned that Poynter was not remitting certain advertising fees to third-parties.

13. On December 9, 2021, NHG and Denali sent Poynter a letter demanding that he cease and desist using the Infringing Domain and that he transfer the Infringing

3

Domain to NHG and Denali. NHG and Denali also demanded that Poynter remove certain content from the Infringing Domain, which he did.

14. Despite NHG's and Denali's letter, Poynter has not transferred the Infringing Domain to NHG and Denali, and Poynter has demanded $9,500.00 from NHG and Denali in order to transfer the Infringing Domain.

## COUNT I
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## (11 U.S.C. § 1125(d))

15. Plaintiffs adopt and incorporate by reference paragraphs 1-14 as if fully restated herein.

16. The Marks are distinctive and famous marks in the State of Alaska and in other states where NHG's and Denali's products are sold.

17. The Infringing Domain is confusingly similar to the Marks since it includes the terms "49th," "state," and "brewing."

18. Poynter registered the Infringing Domain with the bad faith intent to profit from the registration.

19. Poynter's bad faith intent in registering the Infringing Domain is evidenced as follows:

    a. Poynter has no intellectual property rights in the Infringing Domain or the name "49th State Brewing" prior to registering the Infringing Domain. NHG and Denali are authorized to use the assumed names "49th State Brewing" and "49th State Brewing Company," while Poynter is not;

4

b. The Infringing Domain does not consist of the legal name of any business operated by Poynter, but rather consists of a name that Poynter has no lawful authority to use;

c. Poynter is not using the Infringing Domain in connection with the bona fide offering of any goods or services;

d. There is no non-commercial or fair use of the Marks;

e. Poynter has offered to transfer, sell, or otherwise assign the Infringing Domain to NHG and Denali for financial gain without having used or intending to use the Infringing Domain in the bona fide offering of any goods or services;

f. Poynter has exhibited a pattern of conduct as alleged in subparagraph (e). Poynter has obtained a business license and registered business names with the Alaska Department of Commerce, Community, and Economic Development consisting of: (i) "49th State Brew Haus"; (ii) "49th State Brewing Group"; and (iii) "49th State Coffee and Brew." On information and belief, Poynter is not and is not intending to open a brewpub, brewery, restaurant, or coffee shop.

WHEREFORE, Plaintiffs NORTHERN HOSPITALITY GROUP, INC. and DENALI VISIONS 3000 CORPORATION, prays for a judgment:

A. Permanently enjoining and restraining Defendant DON POYNTER, from using the terms "49th," "state," "brewing," and "company" or any combination thereof in any domain name that may be confusing similar to the Marks;

B. Ordering that the Infringing Domain be transferred to NHG and Denali, or alternatively, ordering that the Infringing Domain be cancelled;

C. Directing Defendant DON POYNTER to:

    (a) pay to NHG and Denali all the damages it has suffered as a result of the acts of Poynter complained of herein, including an assessment of trebled actual damages, together with prejudgment interest;

    (b) pay to NHG and Denali their attorneys' fees and costs in this action;

    (c) as an alternative to item (a), pay an amount no less than $1,000.00 and not more than $100,000.00 as a result of his use of the Infringing Domain;

    (d) file with this Court and serve on NHG's and Denali's counsel, within 30 days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §1116(a); and

D. Awarding NHG and Denali such further relief as this Court deems just and equitable.

Dated: January 18, 2022		Respectfully submitted,

Daniel J. McCarthy, III
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
Attorney for Northern Hospitality Group,
Inc. and Denali Visions 3000
Corporation

By: /s/ Daniel J. McCarthy, III
Daniel J. McCarthy, III
Alaska Bar Number: 2105041