IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN HOSPITALITY GROUP, INC., an Alaska corporation, d/b/a 49th State Brewing Company; and DENALI VISIONS 3000 CORPORATION, an Alaska corporation, d/b/a 49th State Brewing Company,<br><br>              Plaintiffs,<br><br>    vs.<br><br>DON POYNTER,<br><br>              Defendant. | Case No. 3:22-cv-00012-JMK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM** |

Pending before the Court is Plaintiffs' Northern Hospitality Group, Inc., and Denali Visions 3000 Corporation Motion to Dismiss Counterclaim (the "Motion") at Docket 23. Defendant Don Poynter responded in opposition at Docket 24. A reply was not filed. For the foregoing reasons, Plaintiffs' Motion is GRANTED. Defendant's counterclaim is DISMISSED WITHOUT PREJUDICE and with LEAVE TO AMEND.

## I. BACKGROUND

Plaintiffs filed this action on January 19, 2022, alleging a violation of the Anticybersquatting Consumer Protection Act (the "ACPA") and invoking this Court's

federal question jurisdiction.[1] On April 29, 2022, Defendant filed an Answer.[2] Plaintiffs subsequently moved to strike Defendant's Answer under Federal Rule of Civil Procedure 12(f).[3] The Court granted Defendant's Motion to Strike at Docket 21 and directed Defendant to file an amended Answer. Defendant filed his Amended Answer on May 23, 2022.[4] Defendant's Amended Answer includes affirmative defenses, as well as what appears to be a counterclaim for damages associated with emotional distress and lost revenue from having to defend himself in this lawsuit.[5] Specifically, Defendant seeks "[a]n award paid by Plaintiff [sic] to Defendant equal to the value of Defendant's billable hourly rate in the amount of an estimated 80+ hours spent researching and preparing documentation for this case . . . and any other costs incurred in connection with this action."[6] On May 27, 2022, Plaintiffs moved to dismiss Defendant's counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[7] On June 10, 2020, Defendant filed an opposition which reads: "Defendant respectfully asks that the judgement on the Motion to Dismiss Counterclaim be withheld until trial whereas all contextual facts, evidence, and arguments will be available at that time, allowing for a more informed approach to such matters."[8]

---

[1] Docket 1 at 2, 4–6.
[2] *See* Docket 21.
[3] Docket 20.
[4] Docket 22.
[5] *Id.* at 7.
[6] *Id.*
[7] Docket 23.
[8] Docket 24.

*Northern Hospitality Group, Inc. et al v. Poynter*            Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim            Page 2
Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 2 of 11

## II.  LEGAL STANDARDS

A.  Rule 12(b)(1) and Supplemental Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject-matter jurisdiction.  Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual.[9]  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[10]  Here, Plaintiffs mount a facial attack because they claim that the allegations in Defendant's counterclaim are facially insufficient to invoke the Court's supplemental jurisdiction.[11]  Defendant bears the burden of demonstrating that the Court has subject-matter jurisdiction over his counterclaim.[12]

While original jurisdiction exists over Plaintiffs' claim under the ACPA—a federal statute—original jurisdiction is lacking over Defendant's counterclaim because it arises under state law and the Parties do not appear to be diverse.[13]  Accordingly, the only potential basis for this Court's jurisdiction over Defendant's counterclaim is the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).  Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

---

[9] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[10] *Id*.
[11] Docket 23 at 2–3.
[12] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[13] *See* Docket 1 at 2; Docket 22 at 7.

*Northern Hospitality Group, Inc. et al v. Poynter*                                                                        Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim                                                                                        Page 3

Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 3 of 11

the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Under 28 U.S.C. § 1367(a), state law claims "form part of the same case or controversy" as a federal claim when they derive from a "common nucleus of operative fact" and "would ordinarily be expected to be resolved in one judicial proceeding."[14]

"Closely linked to the Court's jurisdictional limit under § 1367 is Rule 13,"[15] which categorizes counterclaims into two types: compulsory and permissive.[16] Compulsory counterclaims are those that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claims."[17] To determine whether a claim arises out of the same transaction or occurrence as the opposing party's claims, the Ninth Circuit applies the "logical relationship" test.[18] Under this test, "[a] logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims . . . ."[19] Supplemental jurisdiction automatically exists over compulsory counterclaims "because a counterclaim 'which arises out of the same transaction or occurrence' as the plaintiff's claim also necessarily arises from the same 'common nucleus of operative fact.'"[20]

---

[14] *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).
[15] *Corner Edge Interactive LLC v. Johnson*, No. CV-19-05404-PHX-SRB, 2020 WL 3121191, at *2 (D. Ariz. Apr. 20, 2020).
[16] Fed. R. Civ. P. 13(a)–(b).
[17] Fed. R. Civ. P. 13(a)(1)(A).
[18] *In re Pegasus Gold Corp.*, 394 F.3d at 1196.
[19] *Id.* (quoting *In re Lazar*, 237 F.3d 967 (9th Cir.2001)).
[20] *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) (citing *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005)).

*Northern Hospitality Group, Inc. et al v. Poynter* Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim Page 4
Case 3:22-cv-00012-JMK Document 25 Filed 08/01/22 Page 4 of 11

Counterclaims that are not compulsory are permissive.[21] District courts in the Ninth Circuit have acknowledged that the 28 U.S.C. § 1367(a) standard for supplemental jurisdiction is broader than the standard for compulsory counterclaims, such that supplemental jurisdiction may be exercised over permissive counterclaims that form part of the same constitutional case or controversy as the plaintiff's claims.[22] Lastly, even if supplemental jurisdiction exists, districts courts have discretion to decline to exercise supplemental jurisdiction over a counterclaim if (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates" over the claim over which the court has original jurisdiction; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4) "there are other compelling reasons for declining jurisdiction."[23] This analysis must be guided by "the values of economy, convenience, fairness, and comity.[24]

**B. Rule 12(b)(6)**

Plaintiffs also move to dismiss Defendant's counterclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[25] Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[26] Rule 8(a) does not demand "detailed

---

[21] *See* Fed. R. Civ. P 13(b).
[22] *See Byton N. Am. Corp. v. Breitfeld*, No. CV-19-10563-DMG (JEMx), 2021 WL 1152895, at *5 (C.D. Cal. Jan. 5, 2021) (quoting *Grupo Salinas Inc. v. JR Salinas Wheels & Tires Inc.*, No. SACV 16-1923-JVS (KESx), 2017 WL 2972339, at *2 (C.D. Cal. Jan. 30, 2017)); *see also Ali v. USAA Fed. Sav. Bank, No.* CV-16-00420-PHX-JAT, 2016 WL 5464602, at *4 (D. Ariz. Sept. 29, 2016); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005).
[23] 28 U.S.C. § 1367(c).
[24] *Abrams v. Blackburne & Sons Realty Cap. Corp.*, No. 2:19-CV-06947-CAS(ASx), 2020 WL 509394, at *3 (C.D. Cal. Jan. 31, 2020).
[25] Docket 23 at 7–8.
[26] *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013); Fed. R. Civ. P. 8(a)(2).

*Northern Hospitality Group, Inc. et al v. Poynter*     Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim     Page 5
Case 3:22-cv-00012-JMK    Document 25    Filed 08/01/22    Page 5 of 11

factual allegations" but it demands, at a minimum, that a counterclaim allege specific facts that "allows the court to draw the reasonable inference that the defendant is liable" for the specific harm alleged.[27] "A complaint [or counterclaim] may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."[28]

### III.  DISCUSSION

### A.  Rule 12(b)(1)

Generally, federal courts should not proceed to the merits without first determining that it has jurisdiction over a claim.[29] The Court thus addresses Plaintiffs' jurisdictional arguments first. Plaintiffs argue that Defendant's counterclaim is not compulsory and does not fall under the Court's supplemental jurisdiction.[30] Even if supplemental jurisdiction is proper, Plaintiffs urge the Court to use its discretion to decline to exercise supplemental jurisdiction over Defendant's counterclaim.[31] The Court's original jurisdiction is based on Plaintiffs' trademark infringement claim under the federal ACPA.[32] By contrast, although the precise cause of action for Defendant's counterclaim is somewhat unclear, it appears to arise under state law and requests damages in connection with Defendant's participation in this suit.[33] Although there is *some* link between the two

---

[27] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[28] *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).
[29] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).
[30] Docket 23 at 2–6.
[31] *Id.* at 6–7.
[32] Docket 1 at 2.
[33] *See* Docket 22 at 7.

*Northern Hospitality Group, Inc. et al v. Poynter*　　　　　　　　　　　　　　　　Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim　　　　　　　　　　　　　　Page 6
Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 6 of 11

claims—Defendant's counterclaim for damages related to defending this trademark infringement lawsuit necessarily arose out of the alleged trademark infringement and subsequent filing of this lawsuit—the evidence required to prove Plaintiffs' claim is entirely distinct, temporally and factually, from the evidence required to prove Defendant's counterclaim.[34] The facts underlying the alleged trademark infringement have little to do with the costs Defendant has incurred in this lawsuit.[35] The mere fact that Plaintiffs sued Defendant and Defendant allegedly incurred damages as a result of the litigation is not a sufficient factual nexus to satisfy the logical relationship test and render Defendant's counterclaim compulsory.[36] Therefore, Defendant's counterclaim is permissive and the Court has jurisdiction over Defendant's counterclaim only if supplemental jurisdiction exists under 28 U.S.C. § 1367(a).

Defendant's counterclaim also fails to allege sufficient facts to satisfy the broader standard for supplemental jurisdiction. Even construing Defendant's counterclaim liberally, Defendant has not alleged facts indicating how the counterclaim for damages incurred in defending the lawsuit is factually related to the underlying claim of trademark infringement.[37] Because Defendant's counterclaim is largely devoid of factual allegations,

---

[34] *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1251 (9th Cir. 1987) (finding a counterclaim compulsory when the facts necessary to prove the two claims "substantially overlap."); *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *2 (N.D. Cal. Dec. 3, 2008).

[35] *See Byton N. Am. Corp. v. Breitfeld,* No. CV-1910563-DMG (JEMx), 2021 WL 1152895, at *4 (C.D. Cal. Jan. 5, 2021).

[36] *Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013).

[37] *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants . . . .); *see also Sparrow v. Mazda Am. Credit,* 385 F. Supp. 2d 1063, 1070 (E.D. Cal. 2005) (exercising supplemental

*Northern Hospitality Group, Inc. et al v. Poynter*     Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim     Page 7

Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 7 of 11

it is difficult for the Court to discern any factual basis for Defendant's counterclaim, much less if there exists a common nucleus of operative fact with Plaintiffs' trademark infringement claim.[38] Defendant's opposition does not supply the missing factual allegations and instead requests that the Court defer ruling on Plaintiffs' Motion until trial.[39] Defendant is a *pro se* litigant and therefore is entitled to a liberal treatment in pleading.[40] However, this liberality does not mean that the Court may exercise jurisdiction over a claim over which none exists or that Defendant is entitled to "unlock the doors of discovery" with a factually and legally deficient counterclaim.[41] As Defendant has the burden of establishing jurisdiction over his counterclaim,[42] the Court finds that supplemental jurisdiction is lacking here and therefore GRANTS Plaintiffs' Motion to Dismiss under Rule 12(b)(1).

## B. Rule 12(b)(6)

The Court finds that dismissal of Defendant's counterclaim is appropriate under Rule 12(b)(1) and therefore does not reach Plaintiffs' arguments under Rule 12(b)(6). However, although the Court does not take up this issue, Defendant is advised that his counterclaim, as currently pled, is unlikely to survive a Rule 12(b)(6) motion to dismiss. Although the precise cause of action of Defendant's counterclaim is unclear, the legal theories that the Court can discern appear to be nonstarters. To the extent Defendant is

---

jurisdiction when Defendant's counterclaims "bear[ed] a logical and factual relationship to Plaintiff's claims").
[38] *See* Docket 22 at 7.
[39] Docket 24.
[40] *See Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).
[41] *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).
[42] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

*Northern Hospitality Group, Inc. et al v. Poynter*  Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim  Page 8
Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 8 of 11

seeking damages akin to attorney's fees, this claim is not cognizable. Under both federal and Alaska law, *pro se* litigants such as Defendant are not eligible to receive attorney's fees.[43] To the extent Defendant is requesting damages for emotional distress, anxiety, and stress due to his participation in this lawsuit, "Alaska law does not allow recovery for emotional distress caused solely by being a party to a lawsuit and having to participate in discovery and trial."[44]

**C.     Leave to Amend**

When dismissing a counterclaim, a court must determine whether a defendant should be granted leave to amend. Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[45] Further, "the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" who is "far more prone to making errors in pleading than the person who benefits from the representation of counsel."[46] The Court finds that it is possible that Defendant may sufficiently state a factual, legal, and

---

[43] *See Kay v. Ehrler,* 499 U.S. 432, 435 (1991); *Ahtna Tene Nene v. State, Dep't of Fish & Game*, 288 P.3d 452, 463 (Alaska 2012).

[44] *Lindfors v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-00178-SLG, 2021 WL 6125771, at *2 (D. Alaska Dec. 28, 2021) (noting that "[a] survey of federal and state cases that discuss litigation-induced stress supports [the] determination that such emotional distress is generally not compensable.").

[45] *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[46] *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

*Northern Hospitality Group, Inc. et al v. Poynter*     Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim     Page 9
Case 3:22-cv-00012-JMK     Document 25     Filed 08/01/22     Page 9 of 11

jurisdictional basis for his counterclaim if he follows the Court's guidance below. Defendant therefore is entitled to leave to amend.

With his opportunity to amend, Defendant must allege facts that establish the Court's subject-matter jurisdiction over his counterclaim. Defendant may allege that this Court has independent jurisdiction over his counterclaim or that his counterclaim is factually and logically linked to Plaintiffs' claim, such that the Court has supplemental jurisdiction. Defendant also must identify specific causes of action against Plaintiffs and allege concrete facts that plausibly support a claim under the elements of those causes of action. In other words, each counterclaim must allege (i) a cognizable legal theory and (ii) facts that support that cognizable legal theory.[47] Failure to comply with these instructions may result in the dismissal of Defendant's counterclaims.

Alternatively, if Defendant does not wish to pursue counterclaims, or never intended to assert a counterclaim in the first instance, he may file a notice with the Court indicating as such.

### III.  CONCLUSION

Defendant's counterclaim is DISMISSED WITHOUT PREJUDICE and with LEAVE TO AMEND. Defendant shall have until September 2, 2022, to correct the pleading deficiencies identified herein and file a Second Amended Answer with amended counterclaims. In the alternative, if Defendant does not wish to pursue counterclaims against Plaintiffs, Defendant may file a Notice with this Court indicating as such.

---

[47] *Parker v. Sea-Mar Cmty. Health Ctr.*, 853 F. App'x 197 (9th Cir. 2021).

*Northern Hospitality Group, Inc. et al v. Poynter*  Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim  Page 10
Case 3:22-cv-00012-JMK   Document 25   Filed 08/01/22   Page 10 of 11

IT IS SO ORDERED this 1st day of August, 2022, at Anchorage, Alaska.

                                                    */s/ Joshua M. Kindred*
                                                    JOSHUA M. KINDRED
                                                  United States District Judge

*Northern Hospitality Group, Inc. et al v. Poynter*                                                                                   Case No. 3:22-cv-00012-JMK
Order Granting Plaintiffs' Motion to Dismiss Counterclaim                                                     Page 11

Case 3:22-cv-00012-JMK    Document 25    Filed 08/01/22    Page 11 of 11